UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TOWN OF VERONA, *et al.*,

                              Plaintiffs,

      -against-                                    6:08-CV-0647 (LEK/DEP)

S.M.R. JEWELL, in her official capacity as
United States Secretary of the Interior; and
UNITED STATES DEPARTMENT OF
THE INTERIOR,

                              Defendants.
_____

## MEMORANDUM-DECISION and ORDER

**I.   INTRODUCTION**

This is an action challenging a decision by the United States Department of the Interior ("DOI") to take land into trust for the Oneida Indian Nation ("OIN") pursuant to the Indian Reorganization Act ("IRA"), 25 U.S.C. § 465. Dkt. No. 1 ("Complaint"). Plaintiffs the Town of Verona, the Town of Vernon (the "Towns"), Abraham Acee, and Arthur Strife (collectively, "Plaintiffs") have moved, by order to show cause, for a preliminary injunction barring the DOI from transferring land into trust. Dkt. No. 73 ("Motion"). For the following reasons, Plaintiffs' Motion is denied.

**II.   BACKGROUND**

The Court assumes the parties' familiarity with the facts and history of this case and will recount only those facts pertinent to the Motion.

    **A.  Federal Land-Into-Trust Litigation**

Plaintiffs commenced this action on June 19, 2008, challenging the DOI's Record of

Decision to take 13,000 acres of land into trust for the OIN pursuant to 28 U.S.C. § 465. Compl.; Dkt. No. 1-1 ("2008 ROD"). In a related case, the State of New York (the "State") filed suit against the DOI, also challenging the 2008 ROD. See New York v. Jewell, 08-CV-0644, 2014 WL 841764, at *1 (N.D.N.Y. Mar. 4, 2014). On September 24, 2012, the Court remanded both cases to the DOI for further proceedings. Dkt. No. 56 ("September 2012 Order"). Following the DOI's filing of an Amended Record of Decision pursuant to the September 2012 Order, Plaintiffs and Defendants in this case renewed their Motions for summary judgment, which remain pending at this time. Dkt. Nos. 61, 64, 65.

### B. Settlement Agreement in New York v. Jewell

On May 16, 2013, the OIN and New York Governor Andrew Cuomo signed a settlement agreement (the "Agreement") resolving outstanding disputes between the State, Madison and Oneida Counties, and the OIN. New York, 2014 WL 841764, at *1. Pursuant to the Agreement, the State agreed to dismiss its challenge to the 2008 ROD. Id. The Agreement was subsequently ratified by the New York State Legislature. 2013 N.Y. Sess. Laws ch. 174; see also New York, 2014 WL 841764, at *2.

On August 19, 2013, the Towns, along with several individuals, commenced a hybrid Article 78 proceeding[1] and declaratory judgment action in New York State Supreme Court, Albany County. See Town of Verona v. Cuomo, No. 13-CV-1100, 2013 WL 5839839, at *2 (N.D.N.Y. Oct. 30, 2013) (Kahn, J.). The plaintiffs asserted various claims, including that the Agreement violated state

---

[1] Article 78 of the New York Civil Practice Law and Rules provides a special statutory procedure for adjudicating claims that a body or officer has acted in a manner not authorized by state law. See Carver v. Nassau Cnty. Interim Fin. Auth., No. 13-0801, 2013 WL 5289050, at *4 (2d Cir. Sept. 20, 2013).

2

law by depriving the Towns of "sovereign control" to "govern within their boundaries." Id. The plaintiffs sought, *inter alia*, a declaration that state officials exceeded their authority in entering into and ratifying the Agreement, and an injunction preventing state and county officials from implementing the Agreement. Id. The State removed the action on September 6, 2013, and the Court remanded it for lack of subject matter jurisdiction on October 30, 2013. Id. at *3, *7.

On December 12, 2013, the parties in New York v. Jewell moved for approval of the Agreement. New York, 2014 WL 841764, at *1. The Court approved the Agreement and closed the case on March 4, 2014. Id. at *12-13.

Meanwhile, in Town of Verona v. Cuomo, the Towns continued to challenge the Agreement in New York Supreme Court, where the case was dismissed in its entirety on June 27, 2014. No. 4624-13, slip op. at 27-28 (N.Y. Sup. Ct. June 27, 2014) (submitted as Dkt. No. 73-3). The Towns have appealed the dismissal to the Appellate Division, Third Department. Dkt. No. 73-4.

### C. Preliminary Injunction Motion

On May 30, 2014, Defendants filed a letter stating that the DOI intended to begin taking land into trust for the OIN on or after June 30, 2014. Dkt. No. 72. Plaintiffs filed their Motion on July 31, 2014, seeking to enjoin the announced transfer of land into trust. Mot.; Dkt. No. 73-6 ("Memorandum"). Defendants filed a Response, and oral argument was heard on August 6, 2014. Dkt. Nos. 76 ("Response"); 78.

## III.   LEGAL STANDARD

Whether to grant or deny a preliminary injunction lies within the sound discretion of the district court. S.C. Johnson & Son, Inc. v. Clorox Co., 241 F.3d 232, 237 (2d Cir. 2001); CJ Prods. LLC v. Snuggly Plushez LLC, 809 F. Supp. 2d 127, 140 (E.D.N.Y. 2011). A plaintiff seeking a

preliminary injunction must establish that: (1) "he is likely to succeed on the merits" of his claim; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "an injunction is in the public interest."[2] Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Even if a plaintiff has not demonstrated a likelihood of success on the merits, a preliminary injunction may still be granted if the plaintiff shows "a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiffs favor." Metro. Taxicab Bd. of Trade v. City of New York, 615 F.3d 152, 156 (2d Cir. 2010). This alternative "permits a district court to grant a preliminary injunction in situations where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010).

## IV.   DISCUSSION

Plaintiffs seek to enjoin the DOI from accepting land into trust on behalf of the OIN until there is a final disposition of the state court litigation in Town of Verona v. Cuomo. Mem at 1. Because Plaintiffs have provided no argument as to their likelihood of success on the merits in this case, and no evidence of any imminent, irreparable harm, Plaintiffs' Motion is denied.

### A. Merits

As an initial matter, the Court notes that Plaintiffs do not support their preliminary

---

[2] The "public interest" prong does not mean that a court must consider the public interest in deciding *whether* to grant injunctive relief; rather, it means that if injunctive relief is granted, a court should ensure that the injunctive provisions of the order do not harm the public interest. SEC. v. Citigroup Global Mkts. Inc., 673 F.3d 158, 163 n.1 (2d Cir. 2012).

injunction Motion by arguing that they are likely to prevail on their pending summary judgment Motion in this case.[3]  Rather, Plaintiffs argue that the Court should enjoin the DOI from taking land into trust because the Towns will ultimately prevail in their state court case challenging the Agreement filed in New York v. Jewell.  Mem. at 2-4.  However, the state court litigation is irrelevant to the merits of the proceedings in this case.  Contrary to Plaintiffs' assertions, the DOI's acceptance of land into trust for the OIN is not "based on" the Agreement in New York v. Jewell.  See Mem. at 4; Resp. at 3-4.  The DOI was not a party to the Agreement, and the Agreement does not purport to bind the DOI.  See New York v. Jewell, 2014 WL 841764, at *10.

The DOI bases its acceptance of land into trust on the 2008 ROD, which it claims to have lawfully issued pursuant to the land into trust provision of the IRA, 25 U.S.C. § 465, and related federal regulations, 25 C.F.R. Part 151.  See Resp. at 4.  Although Plaintiffs challenge the lawfulness of the 2008 ROD in their Complaint and their pending summary judgment Motion, see generally Compl.; Dkt. No. 64-9 at 6-21, they have made no argument as to the merits of those claims in requesting preliminary injunctive relief, see generally Mem.  Accordingly, Plaintiffs have not shown a likelihood of success on the merits, or even a serious question going to the merits of the underlying claims in this case.

**B. Harm**

Plaintiffs primarily argue that they will be irreparably harmed if the DOI takes land into trust before the final disposition of Town of Verona v. Cuomo.  Mem. at 1, 4.  However, the purpose of a preliminary injunction "is to prevent irreparable injury so as to preserve the court's ability to render

---

[3] Indeed, Plaintiffs have not discussed the merits of this case in their brief, or at oral argument.  See generally Mem.

5

a meaningful decision on the merits." WarnerVision Entm't Inc. v. Empire of Carolina, Inc., 101 F.3d 259, 261 (2d Cir. 1996) (internal quotations omitted).  Here, the disposition of Plaintiffs' state court litigation will have no effect on the Court's ability to render a meaningful decision in this case.  In their state case, the Towns seek declaratory and injunctive relief against State officials.  See Dkt. No. 1-1 at 2.  In this case, Plaintiffs seek declaratory and injunctive relief against the United States.  Compl. at 26.  Plaintiffs have offered no explanation as to how the disposition of the their state case could affect the Court's power to vacate and remand the DOI's 2008 ROD if the Court ultimately decides in Plaintiffs' favor.

Additionally, Supreme Court precedent, as well as assurances by Defendants, make clear that, even after land has been transferred into trust, federal district courts retain "the power to strip the federal government of title to land taken into trust for an Indian tribe under the [Administrative Procedure Act ("APA")] so long as the claimant does not assert an interest in the land." Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. Salazar, No. 12-CV-3021, 2013 WL 417813, at *4 (E.D. Cal. Jan. 30, 2013) (citing Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak, 132 S. Ct. 2199, 2203-08 (2012)); see also Stand Up for California! v. DOI, 919 F. Supp. 2d 51, 82 (D.D.C. 2013) ("The Patchak Court suggested, without holding, that courts would retain jurisdiction to vacate a trust transfer after it is consummated." (citing 132 S. Ct. at 2204, 2212)); Land Acquisitions: Appeals of Land Acquisition Decisions, 78 FR 67928-01 (Nov. 13, 2013) (revising 25 C.F.R. § 151.12) ("If a court determines that the Department erred in making a land-into-trust decision, the Department will comply with a final court order and any judicial remedy that is imposed."); Resp. at 5.  Plaintiffs are not asserting an interest in the land to be taken into trust; they are challenging the administrative decision to take land into trust under, *inter alia*,

6

the APA. Compl. ¶ 1. Accordingly, transfer of the land into trust will not prevent the Court from ordering an appropriate remedy should it ultimately decide in favor of Plaintiffs in this case.

Plaintiffs also argue that the Court should enjoin the land transfer because it will prevent the *state* courts from being able to render a meaningful decision in Town of Verona v. Cuomo. See Mem. at 4. In their state case, the Towns are essentially seeking an injunction ordering the State to annul the Agreement and resume its federal court challenge to the 2008 ROD. The transfer of title to the United States will not prevent the State, the Towns, or any other party from continuing with an APA challenge to the ROD. See Patchak, 132 S. Ct. at 2204-10. Accordingly, the DOI's taking land into trust will not affect the state courts' capacity to issue an injunction in favor of the Towns should they prevail in Town of Verona v. Cuomo.

Finally, Plaintiffs allude to the "loss of regulatory control over zoning and land use" as the harm that will result "if subject land is allowed to be taken into trust." Mem. at 2. However, "[i]n order to make an adequate showing of irreparable harm, the moving party must establish that injury is likely, which is to say harm is 'actual and imminent, not remote or speculative.'" Cayuga Indian Nation of New York v. Vill. of Union Springs, 317 F. Supp. 2d 128, 150 (N.D.N.Y. 2004) (quoting Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002)). At oral argument, Plaintiffs' counsel hypothesized that the OIN might build a 15-story building in the middle of a residential neighborhood. Other than this entirely speculative allegation, Plaintiffs have not offered any specific facts or evidence to support their assertion that transfer of the land into trust will cause irreparable harm. See Cachil Dehe Band, 2013 WL 417813, at *4 (denying motion to enjoin transfer of land into trust because plaintiffs were "unable to show immediate irreparable harm from construction and/or gaming" on trust lands); Cayuga Indian Nation, 317 F. Supp. 2d at 150 (denying

7

motion to preliminarily enjoin Indian tribe from conducting gaming where municipalities' contention that they would be deprived of "possible regulation and control" over land was speculative); <u>Cayuga Indian Nation of New York v. Vill. of Union Springs</u>, 293 F. Supp. 2d 183, 198 (N.D.N.Y. 2003) (denying preliminary injunction motion where municipalities' arguments "regarding the hazards associated with construction of a gaming facility" were speculative). Plaintiffs have therefore failed to meet their burden of showing actual and imminent irreparable harm, and preliminary injunctive relief is inappropriate at this time.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion (Dkt. No. 73) for a preliminary injunction is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:     August 12, 2014
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge